## N. C. Dosson v. Bieller.

The chapter of the Code regulating the revocatory action is not applicable to cases of simulation, and in those cases creditors may seize, notwithstanding the apparent transfer; and if enjoined, may plead and show the simulation on the trial of the injunction.

APPEAL from the District Court of Franklin, *Barry*, J.

*Mayo*, for plaintiff and appellant. *Ramage*, for intervenor. *Ray*, and *Stacy & Sparrow*, for defendant.

BUCHANAN, J. Plaintiff enjoins a seizure of a plantation and slaves in execution of a judgment against her husband, on the ground that she is separated of property from her said husband, and is owner of the property seized, in her separate right, by virtue of purchases by her made in her own name.

The petitioner further denies the right of the testamentary executor of *Bieller* to enforce the judgment of *Ford* v. *Dosson*.

It is needless to examine this last ground of complaint, for, unless plaintiff establishes her claim to the property seized, she is incompetent to contest the regularity of the seizure. And if she establish her claim, it is immaterial, whether the seizure was made by a person duly authorized to prosecute the execution of the judgment against her husband, or not.

The first question of law that presents itself for decision, is, whether the plaintiff in execution had the right to make the seizure before obtaining judgment in a revocatory action against the plaintiff, who has a recorded title to the property seized. Upon this point of practice we have had many occasions to express our assent to the doctrine of our predecessors, as laid down in the opinion of Chief Justice Eustis in the case of *Erwin* v. *Bank of Kentucky*, in 5 An., 4: " The chapter of the Code regulating the revocatory action is not applicable to cases of simulation, and in those cases creditors may seize notwithstanding the apparent transfer; and if enjoined, may plead and show the simulation on the trial of the injunction." See also the case of *Emsuiler* v. *Burham*, 6 An., 717, where it was held, that fraud may always be proved in support of the allegations of simulation by those interested to establish the simulation. The District Judge did not err in refusing the application of plaintiff to strike out from defendant's answer the allegations of fraud.

Upon the merits the evidence is very voluminous, and has established to our entire satisfaction, the defence of fraudulent simulation set up against the claim of plaintiff. It appears evident that the plaintiff's husband has been for many years occupied in attempts to screen his property from the operation of a judgment obtained against him for a large amount, in the year 1841, upon a promissory note given by him as far back as the year 1835. The injunction sued out by plaintiff has stayed the execution of that judgment for six years and a half, and we think that the prayer of defendant, in his answer to the appeal, should be granted, by awarding twenty instead of ten per cent. upon the amount of the judgment enjoined as damages, under the Acts of 1831 and 1833.

*H. Frellsen & Co.* intervened in this suit on the 30th May, 1849, asserting themselves to be creditors of plaintiff, who had given them a mortgage upon the plantation and slaves seized, as security for her debt to them; alleging consequent interest in themselves that said property should be decreed to belong to their debtor; and praying leave to oppose the sale of the same under defendant's execution, until the claim of said intervenors against the plaintiff should be fully satisfied; and that said mortgage be recognized as valid and binding upon the property.

Pending this suit, two other suits were instituted, one by *H. Frellsen & Co.*, and one by *Marcus B. Desha*, by executory process, in another court, against the plaintiff herein, *Narcissa C. Dosson*, under which the property mentioned in the petition herein, was seized, and on the 5th January, 1850, was adjudicated by the Sheriff to one *William A. Andrew*, who, on the 19th November, 1850, also intervened herein, claiming the property under the said Sheriff's sale.

The defendants have pleaded to both these interventions of *Frellsen & Co.*, and of *Andrew*, that they were founded upon simulated and fraudulent transactions, and were a part of the scheme of the plaintiff's husband to screen and cover his property from the pursuit of his *bona fide* creditors.

It is unnecessary for us to examine into the merits of this issue, because the claims of the intervenors, who claim through plaintiff, depend essentially upon the establishment of plaintiff's title to the property seized, and are concluded by our judgment adverse to the plaintiff's pretensions. Besides, it need scarcely to be remarked, that the proceedings, *via executiva*, instituted in another court, pending the present litigation, could have no effect to divest or change the title to the property seized under the execution enjoined, to the prejudice of the defendant in injunction.

It is, therefore, adjudged and decreed, that the judgment of the District Court dissolving the injunction herein issued, and dismissing the interventions of *H. Frellsen & Co.* and of *William A. Andrew*, be affirmed; that the judgment in favor of the defendants and against the principals and sureties in the injunction bond be amended; that the defendant *Thomas C. Bieller*, dative testamentary executor of the estates of *Joseph* and *Jacob Bieller*, recover of *Narcissa C. Dosson*, *T. A. Sheppard*, *J. H. Lovelace*, *C. W. LeGrand*, *Josiah Prickett*, *N. L. Hower*, *D. Y. Grayson*, *Chandler Lewis* and *Samuel G. Cloud*, principal and sureties in the injunction bond, *in solido*, two thousand six hundred and ninety-four dollars; that plaintiff pay costs of suit in both courts; and that the Sheriff proceed to sell the property seized.